**EDUARDO M. MADRID, ESQ.**  (State Bar No. 82395)
Email: Ed@madridlawfirm.com
**ERICA L. MADRID, ESQ.**(State Bar No. 229327)
Email: Erica@madridlawfirm.com
**MADRID LAW FIRM**
A Professional Law Corporation
12612 Central Avenue
Chino, California 91710

Telephone: (909) 628-0068
Facsimile:  (909) 628-0067

Attorney for Plaintiff, MICHAEL JON BOWMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL JON BOWMAN,

        Plaintiff,

    vs.

COUNTY OF SAN BERNARDINO,
SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT,
DEPUTY SHERIFF E. MARTINEZ,
individually and in his official capacity
as a deputy with the County of San
Bernardino and San Bernardino County
Sheriff's Department, and DOES 1 to 5,
Inclusive.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:   5:22-cv-2198

**COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS; STATE CIVIL
RIGHTS; ASSAULT AND
BATTERY; FALSE ARREST;
NEGLIGENCE; NEGLIGENT
HIRING, TRAINING AND/OR
RETENTION OF UNFIT
EMPLOYEE; INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS**

**[42 U.S.C. SECTION 1983]**

**DEMAND FOR JURY TRIAL**

-1-

COMES NOW, Plaintiff, MICHAEL JON BOWMAN, through his attorneys, Eduardo M. Madrid, Esq. and Erica L. Madrid, Esq., of the Madrid Law Firm, a Professional Law Corporation, and brings his complaint herein and alleges as follows:

## THE PARTIES

1. At all times herein mentioned, plaintiff was, and now is, a resident of the County of San Bernardino, State of California.

2. At all times herein mentioned, all individual public defendants named herein, and each of them, were residents of County of San Bernardino, State of California.

3. At all times herein mentioned, Defendant, COUNTY OF SAN BERNARDINO, was, and is, a political subdivision and municipal government, duly organized and existing under the laws of the State of California and in doing all of the things hereinafter mentioned, acted under color of their authority as such, and under color of the statutes, regulations, customs, and usages of the State of California.

4. At all times herein mentioned, Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, was and is a law enforcement agency created by and on behalf of the Defendant COUNTY OF SAN BERNARDINO , a municipal government, also named a defendant herein, to provide law enforcement services throughout the County of San Bernardino, pursuant to the laws of the State of California. Pursuant to such authority and at all times herein mentioned, the Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and its officers, acted under color of their authority as

such, and under color of the statutes, regulations, customs and usages of the State of California.

5.   At all times herein mentioned, Defendant DEPUTY SHERIFF E. MARTINEZ, duly employed by the Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, was acting individually and under color of his authority and under color of law, to wit, the statutes, regulations, customs and usages of the State of California.

6.   Defendants DOES 1 to 5, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to plaintiff.  When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.  Each reference in this complaint to "Defendant", "Defendants", or a specifically named Defendant refers also to all Defendants sued under fictitious names.

7.   At all times herein mentioned, the Defendants and each of them, were the agents and employees of their respective Co-Defendants, and in doing these things hereinafter alleged were acting within the course and scope of their agencies and with the permission and consent of their Co-Defendants, and at all times, acted individually and under color of authority.

## **JURISDICTION AND VENUE**

8. Plaintiff, MICHAEL JON BOWMAN, hereby repeats and repleads paragraphs 1 through 7 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

9. This Court has jurisdiction and venue pursuant to the following statutes:

   a. Plaintiff bring this action under 42 U.S.C § 1983, violations of due process of law under the 4th and 14th Amendments of the United States Constitution.

   b. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   c. 28 U.S.C. §1343 (3) and (4), which gives the district court jurisdiction over actions to secure civil rights extended by the United States government;

   d. 28 U.S.C. § 1367, which gives the district court supplemental and ancillary jurisdiction over state law claims; and

   e. This Court has concurrent jurisdiction pursuant to 28 U.S.C. §1343 and the case arises under 42 U.S.C. §1983 in that the Defendants, and each of them, while acting within the course and scope of their respective employment and acting under color of law violated the Civil Rights of the Plaintiff as will be hereinafter set forth.

10. Venue is appropriate in this judicial district under 28 U.S.C. 1391(b) because the events that gave rise to this Complaint occurred in this district, to wit, County of San Bernardino, State of California.

## **GENERAL ALLEGATIONS**

11. Plaintiff, MICHAEL JON BOWMAN, hereby repeats and repleads paragraphs 1 through 10 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

12. At all times herein mentioned, plaintiff called and summoned the San Bernardino County Sheriff's Department to report a crime. The crime committed was that a hit and run driver had crashed and damaged Plaintiff's fence and property at his residence. Plaintiff followed the Deputies who were in pursuit of this perpetrator. When Plaintiff attempted to explain to the Deputies what had happened, he was assaulted by the Deputies, put in an arm bar causing damage to his arm and thrown to the ground. As a result, Plaintiff sustained severe physical and emotional injuries.

13. On or about June 14, 2022, Defendant DEPUTY SHERIFF E. MARTINEZ, employed by the Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, unlawfully and wrongfully accosted, assaulted and battered, detained, handcuffed and falsely and wrongfully arrested Plaintiff without a warrant and without probable cause.

14. At all times herein mentioned, the Plaintiff had not committed any wrongdoing, violated any law and was acting in a law abiding manner. Plaintiff at all times herein mentioned never presented a threat to Defendants and each of them at all whatsoever.

15. As a further and proximate result following the wrongful and unlawful assault and battery, the plaintiff was wrongfully and unlawfully detained, handcuffed, falsely arrested and taken into custody.

16.  At all times herein mentioned, Defendant DEPUTY SHERIFF E. MARTINEZ, was the agent and employee of Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and in doing these things hereinafter alleged was acting within the course and scope of the agency and with the permission and consent of Defendants, COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and at all times, acted individually and under color of authority.

17. At all times herein mentioned, Defendants, COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, were vicariously liable for all tortious and unconstitutional acts of omission or commission of the Defendant DEPUTY SHERIFF E. MARTINEZ, pursuant to California State law that directly and proximately caused the unlawful search and seizure, assault and battery, false imprisonment, unlawful detention and ensuing unlawful arrest of Plaintiff herein.

18. Defendants COUNTY OF SAN BERNARDINO and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT maintained an unconstitutional official policy on detaining and arresting private citizens absent probable cause.

19. Plaintiff further claims and alleges that the injuries and damages sustained were directly caused by the deliberate indifference, a custom and practice, of Defendants, COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT in failing to provide adequate training to its deputies, including, but not limited to, Defendant DEPUTY SHERIFF E. MARTINEZ, with regard to use of force, lawful detentions and arrests.

20. Plaintiff further claims that the Defendants, COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, directly and proximately caused the injuries and damages claimed by the Plaintiff by deliberate indifference towards the rights of the citizenry by hiring and retaining Defendant DEPUTY SHERIFF E. MARTINEZ, who had previously demonstrated a failure to follow constitutional policies with regard to probable cause, detentions and arrests, use of force and other constitutional rights of the citizenry.

21. As a result of this unconstitutional unwritten policy, custom and practice, the Defendants and each of them, Plaintiff was wrongfully and unlawfully assaulted and battered, falsely imprisoned, handcuffed and unlawfully and wrongfully arrested without probable cause.

22. As a direct and proximate cause, Defendants, COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, caused the injuries and damages of Plaintiff by their deliberate indifference of failing to provide adequate training to Defendant DEPUTY SHERIFF E. MARTINEZ on probable cause, lawful use of force, and detentions and arrests.

23. Insofar as all the pendent state claims against Defendants, COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, DEPUTY SHERIFF E. MARTINEZ, on or about September 9, 2022, a formal Claim for Damages for Plaintiff was presented to the COUNTY OF SAN BERNARDINO pursuant to California Government Code §911.2 et. seq.

24. On or about October 20, 2022, the COUNTY OF SAN BERNARDINO through their Department of Risk Management, served Notice of Rejection of Claim.

## FIRST CAUSE OF ACTION
### (CIVIL RIGHTS)
### 42 U.S.C. 1983
### [All Defendants]

25. Plaintiff, MICHAEL JON BOWMAN, hereby repeats and repleads paragraphs 1 through 24 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

26. On or about June 14, 2022, the aforementioned Defendant DEPUTY SHERIFF E. MARTINEZ, while acting individually and under color of authority, wrongfully, intentionally, maliciously, wantonly, without probable cause or exigent circumstances and without a warrant wrongfully assaulted and battered, detained, handcuffed and arrested Plaintiff.

27. At all times herein mentioned, Plaintiff contacted Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT as someone had stolen a postal vehicle and crashed into his fence. When Defendant, DEPUTY SHERIFF E. MARTINEZ arrived, without probable cause or

a warrant used excessive force to detain and arrest the Plaintiff instead of the perpetrator causing him to sustained severe permanent injuries to his arm leading to amputation of his arm.

28.  At all times herein mentioned, Plaintiff remained in sustained fear for his life.

29. At all times herein mentioned, Plaintiff was innocent of any wrongdoing or crimes.

30. After the initial confrontation and having committed no crime, Plaintiff's hands were placed behind his back, he was handcuffed and arrested without probable cause or a warrant.

31. Plaintiff, having demonstrated no resistance and obeying all of the officer's verbal commands complied and was handcuffed without further incident. Once Plaintiff was handcuffed, he was not free to leave and hence, was under arrest.

32. That the acts of the Defendants, and each of them, while acting under color of law, violated the Civil Rights of the Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the 4th Amendment of the United States Constitution made applicable to the states through the 14th Amendment of the United States Constitution.

33. Defendants, and each of them, intentionally and with deliberate indifference to the federal constitutional rights of the Plaintiff forcibly assaulted and battered, illegally detained and arrested Plaintiff.

34. No criminal charges were filed against Plaintiff.

35. Plaintiff, MICHAEL JON BOWMAN's constitutional rights as well as physical assault, battery, unlawful seizure and false imprisonment were violated by this unlawful arrest.

36. As a further and proximate result, Plaintiff was detained, handcuffed, and arrested.

37. As a direct and proximate cause of the acts and omissions of Defendants, and each of them, Plaintiff suffered loss of liberty, sustained fear, apprehension of an immediate battery, wrongfully handcuffed (battery), assault, humiliation, embarrassment, personal indignity, anxiety, emotional pain, confinement, mental anguish and suffering, severe emotional distress, shock, degradation and sustained deprivation of his constitutional rights.

38. That the acts of the Defendants, and each of them, while acting under color of law, violated the Civil Rights of the Plaintiff to be free from unreasonable searches and seizures and denied Due Process of Law pursuant to the 4th Amendment of the United States Constitution made applicable to the states through the 14th Amendment of the United States Constitution and the California Constitution.

39. As a further direct and proximate result of the acts of Defendants, and each of them, Plaintiff is entitled an award of attorneys 'fees and costs pursuant to 42 U.S.C. § 1988.

40. As a further direct and proximate result, the acts of the Defendants, and each of them, were malicious, willful, and with the wrongful intent to injure the Plaintiff and in wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures.  By reason

thereof, the Plaintiff is entitled to exemplary damages against the unknown deputies, who will be added to the Complaint once their identities are ascertained in a sum according to proof at the time of trial.

## SECOND CAUSE OF ACTION
### (STATE CIVIL RIGHTS)
### Civ.Code § 52.1
### [All Defendants]

41. Plaintiff MICHAEL JON BOWMAN hereby repeats and repleads paragraphs 1 through 40 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

42. This State Civil Rights Cause of Action is being brought pursuant to California Civil Code Section 52.1, which enables and allows private citizens to sue for damages as a result of constitutional violations.

43. On or about June 14, 2022, the aforementioned Defendants, and each of them, while acting individually and under color of law and authority, wrongfully, maliciously, wantonly, brutally and viciously wrongfully assaulted and battered, unlawfully handcuffed, detained and arrested Plaintiff.

44. The detention and arrest of the Plaintiff was wrongful and malicious in that Defendants, and each of them, knew that Plaintiff was innocent of any wrongdoing.

45. That as a further direct and proximate cause of the conduct of the Defendants, and each of them, Plaintiff, MICHAEL JON BOWMAN was wrongfully assaulted, battered, detained, and arrested.

46. That the acts of the Defendants, and each of them, violated the Civil Rights of Plaintiff to be free from unreasonable searches and seizures

and denied Due Process of Law pursuant to the California Constitution Article 1, Section 7 and 4th and 14th Amendments to the United States Constitution.

47. As a further and direct and proximate cause of the conduct of the Defendants, and each of them, Plaintiff suffered personal injuries, emotional distress, unlawful arrest, unlawful detention and being handcuffed subjecting Plaintiff to loss of liberty and emotional distress.

48. As a further direct and proximate result, the acts of the Defendants, and each of them, was malicious, willful and with the wrongful intent to injure the Plaintiff and in a wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures. By reason thereof, the Plaintiff is entitled to attorneys' fees and costs according to proof.

49. As a further direct and proximate result, the acts of the Defendants, and each of them, were malicious, willful, and with the wrongful intent to injure the Plaintiff and in wanton disregard of the constitutional rights of the Plaintiff to be free from unlawful searches and seizures, the ensuing assault and battery, detention and arrest. By reason thereof, the Plaintiff is entitled to exemplary damages against Defendant DEPUTY SHERIFF E. MARTINEZ in a sum according to proof.

## THIRD CAUSE OF ACTION
### (COMPLAINT FOR ASSAULT AND BATTERY)
### [All Defendants]

50. Plaintiff MICHAEL JON BOWMAN hereby repeats and repleads paragraphs 1 through 49 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

51. Plaintiff bring this action against Defendants and each of them pursuant to California Government Code §§ 815.2, 820.

52. In effectuating the wrongful seizure and detention of the Plaintiff, Defendant DEPUTY SHERIFF E. MARTINEZ assaulted and battered the Plaintiff MICHAEL JON BOWMAN without legal justification, provocation or consent.

53. As a further and proximate result, Plaintiff is entitled to exemplary and punitive damages against Defendant, DEPUTY SHERIFF E. MARTINEZ, in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION
### (COMPLAINT FOR FALSE ARREST)
### [All Defendants]

54. Plaintiff MICHAEL JON BOWMAN hereby repeats and repleads paragraphs 1 through 53 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

55. Plaintiff brings this action against all Defendants pursuant to California Government Code §§ 815.2, 820 and California Penal Code §836.5.

56. Plaintiff alleges that the false arrest hereinafter plead was made without a warrant and absent reasonable, probable cause or exigent circumstances.

57. That on or about June 14, 2022, the aforesaid Defendants and each of them, seized the Plaintiff without a warrant, probable cause or exigent circumstances, while the Plaintiff was conducting himself in a peaceably and in a law-abiding manner.

58. As a direct and proximate result of the Defendants' conduct, Plaintiff was caused to be wrongfully and unlawfully assaulted and battered, detained and falsely arrested.

59. The aforesaid charges stemming from the arrest were unfounded and wholly false as Plaintiff did not at any time commit any crime or offense stated by the Defendants.  The Plaintiff did not commit any act which would give the Defendants any reasonable cause or probable cause whatsoever to believe that the Plaintiff was guilty of any crime or wrongdoing or sufficient cause to effectuate a detention or arrest.  In making the aforesaid arrest of the Plaintiff as herein alleged, Defendants, and each of them, acted with deliberate malice and oppression.

60. That the Defendants, and each of them, acting in concert, acted with malice and oppression to effectuate the arrest of the Plaintiff, notwithstanding, that the detention and ensuing wrongful arrest of the Plaintiff was unlawful and without probable cause.

61. As a proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff suffered loss of liberty, emotional distress, degradation, embarrassment and humiliation and other damages to be proven at the time of trial.

62. As a further direct and proximate result, Plaintiff is entitled to exemplary and punitive damages against the Defendant DEPUTY SHERIFF E. MARTINEZ in an amount to be proven at the time of trial.

COMPLAINT FOR CIVIL RIGHTS

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE)
**[All Defendants]**

63. Plaintiff MICHAEL JON BOWMAN hereby repeats and repleads paragraphs 1 through 62 of the above-referenced paragraphs and incorporate herein by reference as through fully set forth.

64. Defendants, and each of them, owed a duty of care to Plaintiff, as well as a statutory duty as law enforcement agencies and officers, to protect and serve the public and to prevent injury to others.

65. Defendants, and each of them breached this duty of care by failing to act with due care with regard to all duties owed by them to Plaintiff, proximately resulting in said injuries and damages and that such was a reasonably foreseeable consequence of aforesaid negligence.

66. Defendants, and each of them, were in a position of authority to prevent the wrongful assault and battery as well as Plaintiff's detention and arrest, and failed to do so.  Said failure was in conscious and deliberate disregard of the civil rights of Plaintiff and for ensuing the injuries that Plaintiff would likely suffer as a result of the wrongful conduct.

67. Said negligence proximately caused the damages prayed for herein.

## SIXTH CAUSE OF ACTION
### (EMPLOYER'S NEGLIGENT HIRING, TRAINING, AND/OR RETENTION OF UNFIT EMPLOYEE)
**[All Defendants Except Individual Defendants]**

68. Plaintiff MICHAEL JON BOWMAN hereby repeats and repleads paragraphs 1 through 67 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

69. Defendants COUNTY OF SAN BERNARDINO and SAN
    BERNARDINO COUNTY SHERIFF'S DEPARTMENT negligently
    hired and retained Defendant DEPUTY SHERIFF E. MARTINEZ,
    when it was known or should have been known by said County and
    Department that this officer had on prior occasions demonstrated
    propensities of using excessive force and further participated in the
    violation of 4th Amendment rights and use of excessive force on
    citizens.

70. Further, the assault and battery, detention and arrest of Plaintiff
    MICHAEL JON BOWMAN was as a result of the failure of the
    Defendants COUNTY OF SAN BERNARDINO and the SAN
    BERNARDINO COUNTY SHERIFF'S DEPARTMENT to adequately
    and sufficiently train Defendant DEPUTY SHERIFF E. MARTINEZ, as
    to proper police practices on the 4th Amendment rights of the citizenry
    including, but not limited to the law on detention and arrests, probable
    cause and exigent circumstances, and use of force.

71. Defendants, and each of them, breached this duty of due care by failing
    to act with due care with regard to all duties owed by them to Plaintiff,
    proximately resulting in the aforesaid injuries and damages and that
    such was reasonably foreseeable consequence of aforesaid negligence.

72. Defendants, and each of them, were in a position of authority to prevent
    the aforesaid wrongful and unlawful conduct. Said failure was in
    conscious and deliberate disregard of the civil rights of each Plaintiff
    and for the ensuing injuries and damages that the Plaintiff suffered as a
    result therefrom.

73. Said negligence proximately caused the damages prayed for herein.

74. All the above-described intentional acts and omissions by the officers, employees, agents and representatives of Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT were done with malice and with deliberate indifference to the rights, health, safety and welfare of the Plaintiff MICHAEL JON BOWMAN and therefore warrants the imposition of punitive or exemplary damages against Defendant DEPUTY SHERIFF E. MARTINEZ.

## SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### [All Defendants]

75. Plaintiff MICHAEL JON BOWMAN hereby repeats and repleads paragraphs 1 through 74 of the above-referenced paragraphs and incorporates herein by reference as through fully set forth.

76. The conduct of the aforementioned Defendants, and each of them, was intentional and malicious and calculated for the purpose of causing Plaintiff to suffer physical injuries, humiliation, mental anguish and emotional and physical distress.  The Plaintiff has been injured in mind and body, all to Plaintiff's damage in a sum to be ascertained at the time of trial.

77. As a direct and proximate result of the foregoing, Plaintiff has been, and in the future will be required to obtain the services of physicians, psychiatrist, therapists, and medical care in a sum as shall be shown to the court upon the trial of this action.

COMPLAINT FOR CIVIL RIGHTS

78. The Defendants' alleged acts were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages as to Defendant DEPUTY SHERIFF E. MARTINEZ.

## DAMAGES FOR ALL CAUSES OF ACTION

WHEREFORE, Plaintiff, MICHAEL JON BOWMAN, prays for judgment against the Defendants and each of them as follows:

1. For all general damages according to proof;

2. For all special damages according to proof;

3. Loss of earnings and earning capacity according to proof;

4. Attorneys' fees according to proof;

5. Investigation costs;

6. Costs of suit incurred herein; and

7. All further and proper relief;

8. For exemplary and punitive damages against Defendant DEPUTY SHERIFF E. MARTINEZ in an amount according to proof;

9. For any other available relief as the court may deem just and proper.

Dated: 12/15/2022

MADRID LAW FIRM
A Professional Law Corporation

By: _____
EDUARDO M. MADRID, ESQ.
Attorney for Plaintiff
MICHAEL JON BOWMAN

–18–

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL JON BOWMAN, hereby demands a jury trial.

Dated: 12/13/2022

MADRID LAW FIRM
A Professional Law Corporation

By:

EDUARDO M. MADRID, ESQ.
Attorney for Plaintiff
MICHAEL JON BOWMAN

COMPLAINT FOR CIVIL RIGHTS